IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2:14-cv-136(WOB-CJS)**

**CP ANCHORAGE HOTEL 2, LLC,**                                     **PLAINTIFF**

**VS.**

**ONSET FINANCIAL, INC.**                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This lawsuit arises out of a dispute over the parties' rights under an equipment lease. Plaintiff CP Anchorage Hotel 2, LLC ("Anchorage") alleges that Defendant Onset Financial, Inc. ("Onset") fraudulently induced Anchorage to enter into the lease and breached its duty of good faith and fair dealing. Anchorage seeks as relief reformation of the lease and a declaratory judgment.

The matter is currently before the Court on Defendant's Motion for Transfer of Venue (Doc. 11) to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a). The Court has reviewed the parties' briefs and concluded that oral argument is not necessary. For the following reasons, the Court grants Defendant's motion.

**I. FACTS**

Anchorage and Onset entered into an agreement on March 6, 2012, for the lease of 500 televisions. (Doc. 1-1, State Court Record, at 3). The duration of the lease was twenty-four months. (*Id.*) Before signing the lease, the parties negotiated its terms between September and November of 2011, via multiple telephone calls and e-mails. (*Id.* at 5-6.) Anchorage alleges that Onset's salesperson,

David Broumas, indicated that Onset would allow Anchorage to purchase the 500 televisions at the expiration of the lease for ten percent of the televisions' original cost. (*Id.* at 6.) Broumas allegedly told Anchorage that, although Onset could not put a purchase price in the lease for tax reasons, Onset had a practice of always underwriting its leases based upon a ten-percent-buyout price at the end of the lease term. (*Id.*) Further, Anchorage allegedly made telephone calls and sent e-mails regarding the ten-percent-buyout price, and Broumas always verbally assured Anchorage that said price would apply at the expiration of the lease. (*Id.*)

The lease contains a forum-selection clause, Section 20(e), that provides for exclusive jurisdiction in either state or federal court in Utah. (*Id.* at 18.) The forum-selection clause states:

> THIS LEASE (AS DEFINED IN SECTION 22 HEREIN) SHALL IN ALL RESPECTS BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF UTAH, INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE. THE PARTIES AGREE TO SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE STATE OF UTAH ANY SUIT OR OTHER PROCEEDING BROUGHT BY EITHER PARTY TO ENFORCE OR CONSTRUE THIS LEASE (AS DEFINED IN SECTION 22 HEREIN), OR TO DETERMINE MATTERS RELATING TO THE PROPERTY OR THE RELATIONSHIP BETWEEN THE PARTIES HERETO SHALL BE BROUGHT ONLY IN THE STATE OR FEDERAL COURTS IN THE STATE OF UTAH. THIS LEASE WAS EXECUTED IN THE STATE OF UTAH (BY THE LESSOR HAVING COUNTERSIGNED IT IN UTAH) AND IS TO BE PERFORMED IN THE STATE OF UTAH (BY REASON OF ONE OR MORE PAYMENTS REQUIRED TO BE MADE TO LESSOR IN UTAH).

(*Id.*)

Once the lease expired, by its terms Anchorage had three options: (1) renew the lease for an additional year; (2) return the televisions; or (3) purchase the televisions at a price agreeable to Onset. (*Id.* at 3.) Even though the parties allegedly agreed to a ten-percent-buyout price during negotiations, the lease does not

2

contain any provision specifying the purchase price. (*Id.*) Anchorage gave Onset notice of its intention to purchase the televisions and requested to pay only ten percent of the televisions' original value. (*Id.* at 2.) Onset waited over three months to respond, finally demanding as the purchase price sixty percent of the televisions' original value. (*Id.* at 2-3.)

## II. PROCEDURAL HISTORY

Anchorage filed suit against Onset in Kenton Circuit Court in the Commonwealth of Kentucky on July 1, 2014. (*Id.* at 2.) Onset removed the case to this Court based on the parties' diversity of citizenship on July 22, 2014. (Doc. 1, Notice of Removal, at 1.) On August 6, Onset filed the instant Motion for Transfer of Venue to the United States District Court for the District of Utah. (Doc. 11.) The parties have fully briefed the motion. (*See* Docs. 11, 20, 25.)

## III. ANALYSIS

When determining whether to enforce a forum-selection clause, federal courts examine the following factors: "(1) *whether the clause was obtained by fraud, duress, or other unconscionable means*; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (emphasis added). The party arguing against application of the forum-selection clause "bears the burden of showing that the clause should not be enforced." *Id.*

3

The United States Supreme Court has held that when a defendant files a § 1404(a) motion, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.,* 134 S. Ct. 568, 581 (2013). The Court reasoned that when the parties' contract contains a valid forum-selection clause, that clause represents their agreement as to forum and "[should be] 'given controlling weight in all but the most exceptional cases.'" *Id.* (alteration in original) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Anchorage argues that, although a valid forum-selection clause is normally dispositive of a § 1404(a) motion to transfer, the instant case involves an exception to the general rule: fraudulent inducement. Anchorage contends that Onset fraudulently induced it to enter the lease by making an extra-contractual promise prior to the lease's execution -- that, upon the expiration of the lease, Onset would sell the televisions to Anchorage at ten percent of their original price -- and failing to follow through on that promise. Importantly, Anchorage argues only that it was fraudulently induced to enter the lease based on the eventual purchase price of the televisions, rather than arguing that the forum-selection clause itself was the product of fraud.

Because the Supreme Court and the Sixth Circuit have held in numerous cases that, in order for a forum-selection clause to be invalid, the forum-selection clause itself must be the product of fraud, *see, e.g., Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519 n.14

4

(1974); *Wong*, 589 F.3d at 828, Anchorage's argument fails to satisfy the first factor. Anchorage therefore has not met its burden to prove that the forum-selection clause is unenforceable in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's § 1404(a) Motion for Transfer of Venue to the United States District Court for the District of Utah.

Therefore, having heard the parties and the Court being sufficiently advised,

**IT IS ORDERED** that:

(1) Defendant's motion for transfer of venue (Doc. 11) be, and is hereby, **GRANTED**; and

(2) This case be, and is hereby, **TRANSFERRED** to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a).

This 15th day of October, 2014.



Signed By:
*William O. Bertelsman* WOB
United States District Judge